```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTIAN KILLROAN, on behalf
of his son, A.K.,

                    Plaintiff,           MEMORANDUM & ORDER
                                         19-CV-2418(JS)(SIL)
         -against-

WESTHAMPTON BEACH SCHOOL DISTRICT,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff: Christian Killoran, Esq., pro se
               Killoran Law PC
               132-13 Main Street, Suite 13
               Westhampton Beach, New York 11978

For Defendant: Jaclyn L. Dar Conte, Esq.
               Devitt Spellman Barrett, LLP
               50 Route 111, Suite 314
               Smithtown, New York 11787
```

SEYBERT, District Judge:

This matter is one of a series of actions Plaintiff Christian Killoran ("Killoran" or "Plaintiff") has brought against defendant Westhampton Beach School District ("Westhampton" or "Defendant") on behalf of his son, A.K.[1] (Compl., D.E. 1-1.) Here, Killoran alleges a due process violation in connection with his desire to have a non-party entity film one of A.K.'s educational hearings. Before the Court is Defendant's motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure

---

[1] Although Plaintiff's papers use minor A.K.'s full name, the Court will refer to him as "A.K." as it has in prior orders.

12(b)(1) and 12(b)(6). (Def. Mot., D.E. 16; Def. Br., D.E. 16-8; Pl. Opp., D.E. 17; Def. Reply, D.E. 18.)  For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND[2]

A.K., sixteen years old at the time of the Complaint, has Downs Syndrome and "remains immersed in . . . local administrative due process proceeding[s] concerning . . . his battle for inclusion within [Westhampton.]"  A hearing was scheduled for May 9, 2020. (Compl. ¶¶ 1-3.)  The Complaint does not specify the subject of the May 9 hearing aside from the general "battle for inclusion."  Plaintiff requested that the hearing be open to the public. (Compl. ¶ 5.)  He also requested that non-party Rota6 Films, who is allegedly creating a documentary on educational inclusion, be permitted to film the hearing. (Compl. ¶¶ 5, 10-11.)  Plaintiff is not compensating Rota6 Films. (Compl. ¶ 12.)

Westhampton, a public school district, opposed the filming request.  It asked the Independent Hearing Officer ("IHO")

---

[2] The following facts are drawn from the Complaint and are assumed to be true for purposes of this Memorandum and Order. Plaintiff has filed numerous other lawsuits against Westhampton regarding A.K.'s education, and the Court is familiar with the extensive litigation history. (See related matters 15-CV-4743, 17-CV-866, 17-CV-3553, 18-CV-3389, 19-CV-3298, 19-CV-5078, 19-CV-6663, and 20-CV-269.)  The Court confines its analysis in this Memorandum and Order, however, solely to the facts relevant to the present Complaint.

for a preliminary ruling, and the IHO ruled that he would not permit video or audio recording of the hearing. (Compl. ¶¶ 6-8.) Plaintiff "is not contesting the authority of the assigned IHO to regulate the manner in which filming can occur, but rather is contesting the outright ban imposed on filming by [the] IHO" and "the authority of [the] IHO [ ] to suppress [A.K.'s] constitutional First Amendment rights." (Compl. ¶¶ 13-14.) Plaintiff seeks an order from this Court "affirming [A.K.'s] affirmative right to record his public due process hearing." (Compl. ¶ 15.)

As relevant here, Plaintiff initiated the underlying administrative proceeding by filing a "Combined Due Process Complaint" on March 12, 2019. (Order of Termination, Dar Conte Decl., Ex. B, D.E. 16-3, at 3.) He then commenced an action seeking to film the administrative hearing by filing the Complaint and a proposed order to show cause in New York State Supreme Court, Suffolk County on April 23, 2019. (Notice of Removal, D.E. 1, ¶ 1.) That action was removed to this Court on April 25, 2019. (Notice of Removal.) The Court denied Plaintiff's request for a preliminary injunction. (May 7, 2019 Elect. Order.) On July 25, 2019, Plaintiff voluntarily withdrew the underlying administrative due process complaint. (Order of Termination at 13.) No hearing took place. Westhampton filed the present motion to dismiss on September 6, 2019. (See Def. Mot.)

3

ANALYSIS

I.  Legal Standards

A complaint may be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "Under Article III of the U.S. Constitution, when a case becomes moot, the federal courts lack subject matter jurisdiction over the action." Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 80 (2d Cir. 2013) (internal quotation marks and citation omitted). "To defeat a motion to dismiss brought under Rule 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence [and] the court may refer to evidence outside the pleadings to resolve the jurisdictional issue." Nicholson v. Allied Interstate, LLC, 91 F. Supp. 3d 365, 368 (E.D.N.Y. 2015) (internal quotation marks and citations omitted).

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). This plausibility standard is not a "probability requirement" and requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks

4

and citation omitted). The Court need not accept "legal conclusion[s] couched as a factual allegation" or "naked assertions devoid of further factual enhancement." Id. (internal quotation marks and citation omitted).

Further, as the Court's prior orders note, Plaintiff is an attorney. Accordingly, his pleadings are not entitled to the "special consideration which the courts customarily grant to pro se parties." Bazadier v. McAlary, 464 F. App'x 11, 12 (2d Cir. 2012) (internal quotation marks and citation omitted).

II. Discussion

Westhampton argues that Plaintiff's voluntary withdrawal of the underlying administrative complaint moots the issues here because it "dispenses with the need to have [the] due process hearing" and there is thus no decision to be made on filming. (Def. Br. at 9.) Plaintiff responds that an exception to the mootness doctrine applies (Pl. Opp. at 13-14), which Westhampton disputes (Def. Br. at 10-11).

"As the Supreme Court has made clear, an 'actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation.'" Nicholson, 91 F. Supp. 3d at 369 (quoting Already, LLC v. Nike, Inc., 568 U.S. 85, 91, 133 S. Ct. 721, 726, 184 L. Ed. 2d 553 (2013)) (further quotation omitted). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the

5

outcome." Tann v. Bennett, 807 F.3d 51, 52 (2d Cir. 2015) (internal quotation marks and citations omitted). A party's voluntary withdrawal of an action renders it moot, even if that party still wishes for the Court to render an opinion. See ParamesWaran v. Mysorekar, No. 05-CV-3162, 2006 WL 3393688, at *1, *3 (E.D.N.Y. Sept. 22, 2006). Plaintiff does not contend that this controversy is live but directs his arguments towards exceptions to the mootness doctrine. Accordingly, the Court considers whether an exception applies here.

"An exception to the mootness doctrine applies to "cases capable of repetition, yet evading review. More specifically, th[e] exception applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Toth on behalf of T.T. v. City of N.Y. Dep't of Educ., 720 F. App'x 48, 51 (2d Cir. 2018) (summary order) (internal quotation marks and citations omitted). This "exception to mootness principles is severely circumscribed and applies only in exceptional situations.'" F.O. v. N.Y.C. Dep't of Educ., 899 F. Supp. 2d 251, 254 (S.D.N.Y. 2012) (quoting Knaust v. City of Kingston, 157 F.3d 86, 88 (2d Cir. 1998) ("The capable-of-repetition doctrine applies only in exceptional situations, where [both] circumstances are simultaneously present.")).

6

As to the first factor, there is no indication that the underlying action was too short to be fully litigated. Indeed, Plaintiff himself withdrew the underlying administrative due process complaint so that he could file another administrative complaint about the IHO presiding over the matter. (Pl. Opp. at 13.) Had he not done so, there was nothing to prevent the matter from being timely litigated. Moreover, there was no immediate need to have the hearing on the scheduled May 9 date, before an administrative or judicial decision had been rendered: Plaintiff emailed Westhampton on April 21, 2019, stating that he would be filing the order to show cause and that if he "did not have a ruling prior to May 9, we will need to adjourn the hearing." (Email, Ex. D., D.E. 1-4.)

Turning to the second factor, Plaintiff primarily argues that A.K. will be subject to the same action again: that Plaintiff intends to recommence this action once the new complaint against the assigned IHO is adjudicated, and, in any event, that "the underlying issues . . . relate to [Westhampton's] violations of the Individuals with Disabilities Act (IDEA) . . . [and] are not static in time, but in fact, re-manifest themselves year after year." (Pl. Opp. at 13.) Presumably, Plaintiff is asserting that he may wish to have any future due process hearing filmed by Rota6

7

Films.³  However, "[m]ere speculation that the parties will be involved in a dispute over the same issues does not rise to the level of a reasonable expectation or demonstrated possibility of recurrence." F.O., 899 F. Supp. 2d at 255 (quoting Dennin v. Conn. Interscholastic Athletic Conference, Inc., 94 F.3d 96, 101 (2d Cir. 1996)) (discussing mootness in the context of recurring education hearings and academic years); see also Lindner v. Am. Exp. Co., No. 10-CV-2228, 2011 WL 2581745, at *5 (S.D.N.Y. June

---

³ The mootness doctrine prevents this Court from issuing "what amounts to an advisory opinion." ParamesWaran, 2006 WL 3393688 at *3) ("Because the requirement of a continuing case or controversy derives from the Constitution it may not be ignored when inconvenient . . . [and a] moot question cannot be decided, [h]owever convenient it might be") (internal quotation marks and citations omitted).  But even if the Court were to find that an exception to the mootness doctrine applies here, the relief Plaintiff seeks is likely prohibited by New York Civil Rights Law Section 52, which states that:
> No person . . . or corporation shall televise, broadcast, take motion pictures or arrange for the televising, broadcasting, or taking of motion pictures within this state of proceedings, in which the testimony of witnesses by subpoena or other compulsory process is or may be taken, conducted by a court, commission, committee, administrative agency or other tribunal in this state[.]

N.Y. Civ. Rts. § 52.

Plaintiff's argument that it is "at least theoretically possible" that some school district officials may choose to testify voluntarily and waive confidentiality is, like his mootness arguments, entirely speculative and insufficient to grant the relief he seeks.  (Pl. Opp. at 2.)  And "[i]f th[e] Article III requirement is not met . . . no matter how interesting or significant the legal issue presented, the Court has no jurisdiction and is not permitted to proceed with the case."  ParamesWaran, 2006 WL 3393688, at *3.

8

27, 2011), R&R adopted, 2011 WL 3664356 (S.D.N.Y. Aug. 19, 2011) (in finding mootness exception did not apply, the Court contemplated that pro se litigant, who had "previously sought judicial intervention, [might] again bring a similar lawsuit . . . relating to a future shareholder meeting. Such a lawsuit, however, would not evade review.  If [the litigant] offers the same proposal next year, he will have the opportunity to bring an appropriate action to prevent exclusion, as he has done in the past.").

Finally, Plaintiff's argument that this issue may impact "all those [other] special education students who attend public school" which renders it likely to come up "not only with [A.K.'s] own case, but also throughout so many other cases on the horizon," is inapplicable. (Pl. Opp. at 14.)  The mootness inquiry requires the Court to consider whether "there is a reasonable expectation that the same complaining party will be subject to the same action again."  Knaust, 157 F.3d at 88 (2d Cir. 1998) (quoting Spencer v. Kemna, 523 U.S. 1, 17, 118 S. Ct. 978, 988, 140 L. Ed. 2d 43 (1998)) (emphasis added).  Accordingly, this action is moot, and the Complaint is DISMISSED for lack of subject matter jurisdiction.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

Defendant's motion to dismiss (D.E. 16) is GRANTED in its entirety and the Complaint (D.E. 1-1) is DISMISSED WITH PREJUDICE.  The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    August   5  , 2020
          Central Islip, New York

10